OPINION
{¶ 1} Plaintiff, Julie A. Wiley, appeals from a decree ofdivorce terminating her marriage to Defendant, Terrence R.Wiley.
 {¶ 2} Terrence[1] and Julie were married in 1971. Theyseparated in 1993 and remained apart thereafter. Terrencecontinued to provide financial support for some of Julie'sneeds.
 {¶ 3} Julie filed a complaint for divorce on May 7, 2002.Terrence filed an answer and counterclaim.
 {¶ 4} The parties were able to resolve all but three of theissues arising from their divorce litigation: refinancing themarital residence, which was awarded to Julie; division ofcertain retirement benefits; and spousal support.
 {¶ 5} The trial court conducted a hearing on January 23, 2003,and thereafter it determined the issues before it in a writtenDecision that was filed on April 15, 2003. Terrence was orderedto pay spousal support in the amount of nine hundred and fiftydollars per month to Julie for a period of eighteen months. Thedecree further states that "[t]he court shall retain jurisdictionover the matter of spousal support."[2]
 {¶ 6} Julie filed a timely notice of appeal from the judgmentand decree of divorce. She presents a single assignment oferror:
 {¶ 7} "The trial court abused its discretion in ordering aspousal support award for a term of eighteen (18) months."
 {¶ 8} Julie doesn't dispute that the parties' marriageeffectively terminated in 1993, when they separated. Neither doesshe disagree with the monthly amount of support ordered. Shenevertheless goes on to state:
 {¶ 9} "Appellant does however assert that given the totalityof the circumstances of this case, the order for spousal supportfor a term of eighteen (18) months is unreasonable, arbitrary andinequitable.
 {¶ 10} "The Plaintiff is 50 years of age and had been employedas a part-time secretary for four years earning $13,000.00 peryear. The Defendant earns approximately $55,000.00 per year.There is therefore a gross disparity of income between theparties. Additionally, the Plaintiff's living expenses aresubstantially more than her income provides and she therefore hasa substantial need for support from her husband
 {¶ 11} "The Plaintiff has very limited skills and has onlyrecently entered the work force, limiting her employment topart-time employment.
 {¶ 12} "The parties were married for thirty (30) years,notwithstanding the Court's finding that the property rights andretirement division were limited to a term of 22 and one-halfyears. Under the above circumstances, an order for spousalsupport for a term of eighteen (18) months is arbitrary andunreasonable. Counsel for Plaintiff requests that this Courtreverse this finding and issues appropriate guidelines to thelower court which will enable the lower Court to make areasonable determination of the length of spousal support."(Brief, p. 2).
 {¶ 13} Statutory guidelines exist on the basis of which the Domestic Relations Courts are charged to determine "the nature, amount, and terms of payment, and duration of spousal support." R.C. 3105.18(C)(1). They are set out in paragraphs (a) through (n) of that section. The court is presumed to have applied all of the statutory factors relevant to the particular circumstances a divorce case involves. We may not reverse its award of spousal support absent a finding that the court abused the discretion conferred on it by R.C. 3105.18(C)(1). "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
{¶ 14} The written decision the court filed on April 15, 2003,shows that the court gave full consideration to a number of theR.C. 3105.18(C)(1) factors. Significant to the eighteen monthduration of the award the court made are its findings that Juliewill graduate from Sinclair Community College within the yearwith a degree that should permit her to become employed fulltime, allowing her to support herself, and that since theirseparation in 1993 Terrence had paid Julie approximately $75,000in support. He also made payments through the Bankruptcy Court ontheir joint obligations.
 {¶ 15} Julie does not explain why she will need support at therate the court ordered for more than the eighteen months allowed.The court's decision explains why it found that she would not.The court "retained jurisdiction" that will permit it to changethe term of the spousal support award if changed circumstancesrequire it. We find no abuse of discretion.
 {¶ 16} The assignment of error is overruled. The judgment ofthe trial court will be affirmed.
 {¶ 17} As a final matter, counsel for both Appellant andAppellee are reminded that briefs are required by App.R. 19(A) tobe double-spaced. Failure to observe that requirement may resultin an order striking a brief or requiring it to be re-formattedto comply with the rule.
 Judgment affirmed.
 Brogan and Wolff, JJ., concur.
[1] For convenience and clarity, the parties are identified by their first names.
[2] We urge the Domestic Relations Court to adhere to the language required for this purpose by R.C. 3105.18(E)(1), which by its express terms is jurisdictional.